UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Criminal Case Number 05-20007
                                                                    Honorable David M. Lawson

SHAWNTE J. MATHIS,

        Defendant.
_____/

## ORDER DENYING MOTION FOR MODIFICATION OR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Presently before the Court is the defendant's motion seeking a reduction of his sentence based on the retroactive application of Guideline Amendment 782 to the sentencing guidelines. The defendant is not entitled to a reduction, because his current custodial sentence — which is based on a violation of a term of supervised release — is not based on a sentencing guideline provision that has been modified.

On April 26, 2005, the defendant pleaded guilty to distributing 50 grams or more of cocaine base and was sentenced to the statutory minimum term of 120 months in prison, to be followed by a five-year term of supervised release. The defendant served the custodial part of his sentence and on December 6, 2013 the defendant was released from prison, to begin supervised release. On January 6, 2015, the Court revoked his supervised release and sentenced him to 30 months of incarceration for violations of the conditions of his supervised release.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the

Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis added).

The defendant bases his motion on Sentencing Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. USSG § 2D1.1(c) (2015). The defendant is not eligible for a sentence reduction because the defendant is not presently in custody for a sentence based on a guideline range that has been modified. Instead, the defendant is incarcerated for 30 months for violating the conditions of his supervised release. *See* 18 U.S.C. § 2583(e)(3). That sentence was not based on a sentencing range subsequently lowered by the Sentencing Commission. Although the custody term of the defendant's sentence may have been driven by statutory drug quantities that have been modified, the defendant has already complete that part of his sentence. His current custody term is not based on the drug quantity table or any other Sentencing Guideline provision that has been modified. Amendment 782 cannot justify reduction of the most recent custody sentence imposed in this case. *See United States v. Bravo*, 362 F. App'x 456, 458 (6th Cir. 2010) (holding that "an appeal of a district court's denial of re-sentencing under § 3582(c)(2) becomes moot upon completion of the appellant's custodial term."); *see also United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009) (holding that crack-cocaine retroactive amendment did not apply to an already-completed sentence, and a sentence later imposed when supervised release on the initial sentence is revoked is not a part of the original sentence), *overruled on other grounds by United States v. Taylor*, 778 F.3d 667 (7th Cir. 2015).

Accordingly, it is **ORDERED** that the defendant's motions for a sentence reduction pursuant to Title 18 U.S.C. § 3582(c)(2) [dkt. #59] is **DENIED.**

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   March 18, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 18, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI